Filed 1/10/22  P. v. Tafich CA4/1
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>YUSSEF YIRISH TAFICH,<br><br>    Defendant and Appellant. | D078265<br><br><br>(Super. Ct. No. FWV1102700) |

APPEAL from an order of the Superior Court of San Bernardino County, Shahla Sabet, Judge.  (Retired Judge of San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Raglan, Eric A. Swanson, and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, Yussef Yirish Tafich and a number of others were charged with murder and kidnapping. While others went to trial, Tafich entered into a plea bargain. In 2013, Tafich pleaded no contest to kidnapping (Pen. Code,[1] § 207, subd. (a)) and voluntary manslaughter (§ 192, subd. (a)). Tafich also admitted that he and the codefendants inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). The remaining charges and allegations were dismissed.

Tafich was sentenced to a determinate term of 15 years eight months in prison.

In 2020, Tafich filed a petition for resentencing pursuant to section 1170.95. The trial court summarily denied the petition on the grounds that the law, as in effect at the time, did not apply to persons who pleaded guilty to manslaughter as lesser offenses of murder.

Tafich appealed and this court affirmed the denial of the petition, relying on the body of caselaw that held section 1170.95 and Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437) did not apply to cases such as Tafich's. (*People v. Tafich* (D078265, Aug. 31, 2021) [nonpub. opn.].)

Tafich petitioned for review and the Supreme Court granted review and remanded the case to this court to reconsider in light of the newly enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), which became effective January 1, 2022. We requested and received supplemental briefs on the impact of Senate Bill 775 on this case. Having now reconsidered the case, including the agreement of the parties that the case should be reversed and remanded, we will reverse the order denying the petition for resentencing and remand the matter to the superior court with directions to issue an order to show cause and to conduct an evidentiary hearing on the petition.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

Prior to the enactment of Senate Bill 775, the virtually unanimous body of appellate opinion was that persons who pleaded guilty to manslaughter as lesser offenses of murder were not eligible for resentencing under Senate Bill 1437 and section 1170.95. (*People v. Turner* (2020) 45 Cal.App.5th 428, 431-441.) The Legislature's stated purpose, in part, in enacting Senate Bill 775 was to "clarify" that section 1170.95 could be applicable to manslaughter convictions.

In their supplemental briefs, the parties recognize the purpose of Senate Bill 775 as it applies to this case. The Attorney General concedes the statutory change requires that the order denying Tafich's petition be reversed, and the matter be remanded to the trial court. We agree with the parties on the effect of the new legislation. We accept the Attorney General's concession.

## DISPOSITION

The order denying Tafich's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and to conduct an evidentiary

hearing as required by statute.  We express no opinion regarding the appropriate outcome of such hearing.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.